[Civ. No. 4441. Second Appellate District, Division One.—February 19, 1924.]

R. CORDS, Jr., Appellant, v. J. W. GOODWIN et al., Respondents.

[1] MORTGAGES—UNPAID PURCHASE PRICE — FORECLOSURE — EQUITY—PLEADING—JUDGMENT.—Where property having a given acreage is sold at a fixed price per acre—the vendee paying part cash and giving a mortgage for the balance—and thereafter, upon it being learned that the vendee, although given the legal title to the acreage specified, has not been put into possession of all the

property (a portion being in the possession of and being claimed by a third party), the vendee pays only the proportion of the debt which corresponds to the proportion of the acreage which he has received, and the mortgage is to that extent satisfied, in a subsequent action by the vendor to foreclose the mortgage for the balance of the purchase price as against the portion of the property as to which possession was not given, and toward the purchase price of which no payments were made, it is error to grant a nonsuit as to the vendee and those claiming under him, where no deficiency judgment is asked.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

C. M. Fickert for Appellant.

No appearance for Respondent.

CONREY, P. J.—The object of this action was to cancel a certain agreement relating to the satisfaction of a mortgage, to reform a release of the mortgage executed in pursuance of said agreement, and thereupon to foreclose said mortgage. The ground on which the relief was asked was that the agreement and release were given in consequence of a mutual mistake of the parties. The present appeal is from a judgment of nonsuit. The respondents have not appeared herein.

The principal facts of the case are stated in the decision of the supreme court on a former appeal. (*Cords* v. *Goodwin,* 173 Cal. 61 [159 Pac. 138].) The mortgage was given by defendant Goodwin to plaintiff's assignor Tillman, to secure one-third of the purchase price of the mortgaged property, which was sold to the mortgagor at the price of $150 per acre, it being stated in the contract that the tract contained 797 acres of land. The mortgagor and the mortgagee afterward agreed that there was a shortage of 92.99 acres in the quantity of land of which the mortgagor had obtained possession. Thereupon they entered into an agreement under which the mortgagor paid that proportion of the debt which corresponded to the proportion of acreage which he had received, leaving the remainder to be paid

only to the extent that possession of the disputed acreage (92.99 acres) should be obtained by the mortgagor. In prosecuting this action to reform the release of mortgage and to foreclose the mortgage, the plaintiff alleged that in fact there had never been any adverse claim to any of the mortgaged premises as described in the mortgage and agreements of the parties, and that therefore the mortgage indebtedness and the mortgage lien were in full force and effect according to their original terms, save only to the extent of the payments actually made.

In its decision of the former appeal the supreme court determined that upon the facts shown by the evidence there was a shortage of area in section 28 sufficient to account for 13.71 of the total claimed shortage of 92.99 acres, and that by reason thereof the mortgagor is entitled to a rebate of a stated amount on the purchase price and a corresponding reduction on the mortgage debt by reason of this deficiency in the area of that section. This left an alleged shortage of 79.28 acres in the several tracts lying in section 27, described in the deed and mortgage. This shortage was caused by the encroachment of the owner of Tinaquaic Rancho, adjoining upon the easterly side of section 27. Many years ago, in establishing the boundaries which he claimed, the owner of that rancho set fences upon the westerly boundary thereof adjoining section 27. These fences overlap the boundaries of the subdivisions of section 27 far enough to include said 79.28 acres. This land is properly within the boundaries of the description contained in the mortgage, but the purchaser Goodwin has never obtained possession thereof. The supreme court recognized the difficulty in final determination of the case as then before the court for decision, which difficulty arose from the fact that the owners of said adjoining rancho, who were in possession of the overlap included within the mortgage description, were not parties to the action. "The defendants have acquired the record title to the land included in the overlap, but have not received possession. If the judgment stands in its present condition we cannot say that the defendants may not hereafter be able to obtain possession of this overlap. The mortgage debt is not fully paid. If the defendants should succeed in obtaining possession of the overlap, or if the plaintiff should succeed in procuring it for them, he would

be entitled to enforce his mortgage for the balance thereof unpaid and chargeable to this overlap, against the land included in the overlap." The case was sent back for a new trial solely with respect to the land described in the mortgage lying easterly of the fence referred to in the Flournoy survey as the westerly line of the Tinaquaic Rancho. The supreme court ordered: "Upon such new trial the court below is directed to allow the pleadings to be amended, to bring in as new parties the persons claiming the said overlap and thereupon to determine whether or not the present defendants, in virtue of their title derived from Tillman, are entitled to possession of said overlap and if it concludes that they are so entitled, to enforce said mortgage against the land by foreclosing the same for the amount of land included in the overlap at the agreed price of $150 per acre."

Thereafter in the superior court the complaint was amended, and "The Wickenden Land Company" was brought in as an additional party to the action, it being alleged that said company claimed some interest in said land, but that such claim or interest, if any, was subject and subordinate and subsequent to the lien of said mortgage. "The Wickenden Land Company" (answering as Wickenden Company), by its answer alleged that at the time of the execution of the mortgage and for a long time prior thereto and ever since it has been and now is the owner of all of said tract of 92.99 acres, and that its claim to said land is prior and superior to the lien of said mortgage. The other defendants denied that they have or claim any interest in or to said parcel of 92.99 acres. At the conclusion of the presentation of evidence on behalf of the plaintiff at the second trial, the Wickenden Company moved for a judgment of dismissal and nonsuit as to it, which motion was granted. Appellant concedes that this was a correct order because the court was not authorized to determine adverse possession issues in an action to foreclose a mortgage.

[1] But the defendant Goodwin, and the defendants Holton and Santa Maria Petroleum and Pipe Line Company, claiming under Goodwin certain interests in the land conveyed by Tillman to Goodwin, also moved for nonsuit "on the ground that the evidence introduced has not at all established the complaint, or tends to substantiate the issues pointed out by the supreme court as to what we should con-

sider here." The court also granted the motion for nonsuit as made by these last-named defendants. In this we think that the court erred. It is stated by counsel for appellant that no deficiency judgment is asked against Goodwin, the maker of the mortgage, and that the plaintiff's relief, both by his complaint and by admissions and stipulations at the trial, is confined to a foreclosure of the mortgage against the mortgage security. It may be that the holders of the record title obtained under the conveyance made by plaintiff's assignor to Goodwin will be able to recover all of this land in an action against the Wickenden Company or its successor, if any, claiming to be the owner of said disputed parcel of land. If said holders of the record title are entitled to so recover, then under the terms of the mortgage and supplementary agreement the mortgage is enforceable against said land for that portion of the unpaid portion of the mortgage debt, as to which the matter was left open by the supreme court's decision. If respondent Goodwin and those claiming under him do not intend to assert any claim of ownership in said land, they cannot be injured by a decree which will permit the plaintiff to acquire whatever title he can obtain through a foreclosure of the mortgage, and thus place himself in a position to contest the title with the adverse claimants.

The judgment of nonsuit in favor of defendant Wickenden Company is affirmed. The judgment against the plaintiff and in favor of the other defendants named therein is reversed.

Houser, J., and Curtis, J., concurred.